UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-541-D

JOSEPH PIRELA

              Plaintiff,

v.

ILEANA ROS-LEHTINEN, et al.,

              Defendants.

MEMORANDUM AND
RECOMMENDATION

This matter is before the court for a memorandum and recommendation on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, but the complaint fails to state a claim over which the court has subject matter jurisdiction. Accordingly, it is recommended that the application to proceed *in forma pauperis* be denied and the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those

whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case,

2

Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff appears to allege that Defendants—who include among others the House of Representatives, the Congress of the United States of America, Washington, D.C., the Miami Police Department, the state of Florida, the city of Miami, and several individuals, including United States Congresswoman Ileana Ros-Lehtinen, some of whom were named in a prior suit filed by Plaintiff— falsely accused him of sexual, drug-related, and terrorism-related misconduct, resulting in both federal and state criminal investigations of Plaintiff. [DE-1]. Plaintiff alleges these accusations caused him to lose custody of his children, to be fired from his job, and to be expelled from law school and graduate school.[1] *Id.* Plaintiff generally alleges claims for civil rights violations, defamation, and personal damages. *Id.* at 1. In a later filing,

---

[1] Plaintiff has previously filed several frivolous cases in federal court both here and in the Southern District of Florida against many of the defendants in this action. *See, e.g., Pirela v. State of Florida*, No. 17-CV-21461-KING, [DE-5] (S.D. Fla. Apr. 21, 2017); *Pirela v. State of Florida*, No. 1:17-CV-21125-JEM, [DE-25] (S.D. Fla. May 19, 2017); *Pirela v. Miranda*, No. 5:15-CV-607-D, [DE-32] (E.D.N.C. June 9, 2016), *appeals dismissed*, No. 16-1815 (4th Cir. Oct. 17, 2016) & No. 16-2356 (4th Cir. Mar. 16, 2017); *Pirela v. Calderon*, No. 1:16-CV-20369-FAM, [DE-11] (S.D. Fla. Feb. 5, 2016); *Pirela v. Calderon*, No. 1:15-CV-22899-KMW, [DE-8] (S.D. Fla. Aug. 5, 2015); *Pirela v. Ros-Lehtinen*, No. 1:14-CV-23616-DPG, [DE-18] (S.D. Fla. Jan. 30, 2015).

Plaintiff submitted evidence with respect to his criminal record, employment history, and education. [DE-3]. Additionally, Plaintiff later submitted evidence from the "Bureau of Labor Statistic [sic] and Hand book [sic] of Professions And PAY. Political Scientists, Master management and law School never completed by Federal Prosecutions," seemingly in order to prove that the 2016 median pay for political scientists was $115,000 per year. [DE-4-1].

Having carefully reviewed Plaintiff's allegations, the court determines that Plaintiff's complaint is illogical, convoluted, and lacks an arguable basis in fact. *Neitzke*, 490 U.S. at 325. Based on what the court can surmise from Plaintiff's complaint, Plaintiff fails to demonstrate how this court has subject matter jurisdiction. Federal courts have limited subject matter jurisdiction and "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The district court has (1) federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ," 28 U.S.C. § 1332(a)(1). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399; *New River Lumber Co. v. Graff*, 889 F.2d 1084 (4th Cir. 1989) ("To establish Section 1332 jurisdiction, a moving party must affirmatively allege . . . the essential elements of diversity on the fact of his complaint.").

Plaintiff has failed to plead any federal question claims against these Defendants. Plaintiff has likewise failed to allege any facts establishing diversity jurisdiction under 28 U.S.C.

§ 1332 over the state law defamation claims. "In order for the court to have diversity jurisdiction under 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000 and the action must be between 'citizens of different States.'" *Rose Acre Farms, Inc. v. N.C. Dep't of Env't & Nat. Res.*, 131 F. Supp. 3d 496, 500–01 (E.D.N.C. 2015) (quoting 28 U.S.C. § 1332(a)(1)), *appeal dismissed*, No. 15-2003 (4th Cir. Sept. 17, 2015). Plaintiff's complaint contains no allegations of the citizenship of Defendants, but does list addresses indicating Plaintiff resides in North Carolina and Defendant Miranda resides in North Carolina, with the other Defendants residing outside of North Carolina. Plaintiff has failed to establish complete diversity, because Plaintiff is a citizen of the same state as at least one of the Defendants. *See Sampson v. Leonard*, No. 4:10-CV-121-D, 2011 WL 129634, at *1 (E.D.N.C. Jan. 12, 2011) ("Section 1332 requires 'complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant.'") (quoting *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999)). Accordingly, Plaintiff has failed to plead facts that would support exercise of the court's diversity jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the case be dismissed for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **November 27, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to

5

which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the 13th day of November, 2017.

Robert B. Jones, Jr.
United States Magistrate Judge